IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ART LONGORIA,

    Plaintiff,

vs.                                    No. CV 10-794 MCA/WDS

SANDIA NATIONAL LABORATORIES and
METAL TRADES COUNCIL,

    Defendants.

## ANSWER OF SANDIA CORPORATION

For its answer to the Complaint for Damages from Violations of the Labor-Management Relations Act (LMRA) and New Mexico Common Law ("Complaint"), Doc. No. 1, Defendant Sandia Corporation ("Sandia"), doing business as Sandia National Laboratories under a contract with the U.S. Department of Energy, states as follows:

### *Jurisdiction*

1.      Sandia admits that this Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 185(a). It is admitted that Plaintiff asserts causes of action under the Labor Management Relations Act ("LMRA") and New Mexico common law. It is denied that there is any basis for the causes of action. All other allegations in ¶ 1 of the Complaint are denied.

2.      Sandia admits the allegations in ¶ 2 of the Complaint.

3.      Responding to ¶ 3 of the Complaint, Sandia admits that it is a Delaware Corporation with its principal place of business in Bernalillo County, New Mexico, and that it is authorized to do business in New Mexico. All other allegations in ¶ 3 of the Complaint are denied.

4.      Responding to ¶ 4 of the Complaint, Sandia admits that Defendant Metal Trades Council ("MTC") is a union organization recognized by Sandia in a Collective Bargaining Agreement

("CBA") as the exclusive representative of a group of employees including Plaintiff.  Sandia admits that MTC conducts business activities in Bernalillo County, New Mexico.  Any other allegations in ¶ 4 of the Complaint are denied.

5. Sandia admits the allegations in ¶ 5 of the Complaint.  Personal and subject matter jurisdiction are proper in this Court.

6. Sandia admits the allegations in ¶ 6 of the Complaint.  Subject matter jurisdiction is proper in this Court.

7. Sandia admits the allegations in ¶ 7 of the Complaint.  Venue is proper.

*Factual Allegations*

8. Responding to ¶ 8 of the Complaint, Sandia reiterates its responses to the paragraphs enumerated therein.

9. Sandia admits that it hired Plaintiff on June 26, 2006, for the position of Motor Pool Mechanic, Group Trades 1.  All other allegations in ¶ 9 of the Complaint are denied.

10. Sandia admits that it conducts random drug testing of its employees with clearances. Any inconsistent allegations in ¶ 10 of the Complaint are denied.

11. Sandia denies the allegations in ¶ 11 of the Complaint.

12. It is admitted that on November 23, 2009, Plaintiff submitted a urine sample for a drug test.  All other allegations in ¶ 12 of the Complaint are denied.

13. Responding to ¶ 13 of the Complaint, it is admitted that on November 25, 2009, Plaintiff took one day of vacation, and that on November 30, 2009, Diana Goold advised Plaintiff to report to Medical.  Any other allegation in ¶ 13 of the Complaint is denied.

14. Sandia admits that on November 30, 2009, Dr. Rick Sauerman, a certified Medical Review Officer and Sandia employee, met with Plaintiff at Dr. Sauerman's clinic. Any inconsistent allegations in ¶ 14 of the Complaint are denied.

15. Responding to ¶ 15 of the Complaint, Sandia admits that Dr. Sauerman advised Plaintiff that the primary specimen of Plaintiff's November 23, 2009, split urine samples tested positive and that Plaintiff asked for the second of the split samples to be tested for confirmation. Sandia admits that Plaintiff was placed on administrative leave. All other allegations in ¶ 15 of the Complaint are denied.

16. Sandia admits that Plaintiff's supervisor Mark Crawford informed Plaintiff that Plaintiff would remain on administrative leave until told otherwise. Any inconsistent allegation in ¶ 16 of the Complaint is denied.

17. Sandia admits that on December 4, 2009, Dr. Sauerman informed Plaintiff that a urine sample submitted by Plaintiff on November 30, 2009 tested negative. Sandia admits that Plaintiff has not been returned to work. All other allegations in ¶ 17 of the Complaint are denied.

18. Sandia admits that Mark Crawford notified Plaintiff in person and in writing that Sandia had decided to terminate Plaintiff's employment because Plaintiff's November 23, 2009, urine sample tested positive in a drug test. All other allegations in ¶ 18 of the Complaint are denied.

19. Sandia is without knowledge sufficient to admit or deny the allegations in ¶ 19 of the Complaint and therefore, at this time, denies them. Sandia denies that it violated its own policies and denies that employees similarly situated to Plaintiff were treated differently.

20. Sandia admits that it terminated Plaintiff's employment. All other allegations in ¶ 20 of the Complaint are denied.

21.     Sandia admits the Plaintiff filed grievances related to his discharge.  Sandia is without knowledge regarding Plaintiff's intent in filing the grievances and therefore denies the remaining allegations in ¶ 21 of the Complaint.

22.     Sandia admits that on March 25, 2010, Plaintiff signed an Authorization to Release Medical Information and Records addressed to his drug testing specimens.  All other allegations in ¶ 22 are denied.

23.     Sandia admits that MTC made a request for documents regarding Plaintiff's discharge on January 22, 2010.  Sandia is without knowledge sufficient to admit or deny the allegations in ¶ 23 regarding Plaintiff's conversations with MTC and whether MTC unnecessarily delayed in requesting documents from Sandia.  Sandia denies that it inappropriately withheld documents from Plaintiff.  All other allegations in ¶ 23 are denied.

24.     Sandia admits that a hearing on Plaintiff's grievance was postponed by mutual agreement.  Sandia denies all other allegations in ¶ 24 of the Complaint.

25.     Sandia admits that a hearing on Plaintiff's grievance was held on April 1, 2010, and that MTC representatives attended the hearing.  Sandia denies the remaining allegations in ¶ 25 of the Complaint.

26.     Sandia is without knowledge sufficient to admit or deny the allegations of ¶ 26 of the Complaint and therefore, at this time, denies them.

27.     Sandia is without knowledge sufficient to admit or deny the allegations of ¶ 27 of the Complaint and therefore, at this time, denies them.

28.     Sandia is without knowledge sufficient to admit or deny the allegations of ¶ 28 of the Complaint and therefore, at this time, denies them.

29.     Sandia is without knowledge sufficient to admit or deny the allegations of ¶ 29 of the Complaint and therefore, at this time, denies them.

30.     Sandia denies the allegations in ¶ 30 of the Complaint.

31.     Sandia denies the allegations in ¶ 31 of the Complaint.

### Count I: Violations of the Labor Management Relations Act – Sandia

32.     Responding to ¶ 32 of the Complaint, Sandia reiterates its responses to the paragraphs enumerated therein.

33.     Sandia denies the allegations in ¶ 33 of the Complaint.

34.     Sandia denies the allegations in ¶ 34 of the Complaint.

35.     Sandia denies the allegations in ¶ 35 of the Complaint.

### Count II: Violations of the Labor Management Relations Act – MTC

36.     Responding to ¶ 36 of the Complaint, Sandia reiterates its responses to the paragraphs enumerated therein.

37.     The allegations of ¶ 37 of the Complaint are not addressed to Sandia.  Therefore, no response from Sandia is required.  Insofar as ¶ 37 makes any allegations against Sandia, they are denied.

38.     The allegations of ¶ 38 of the Complaint are not addressed to Sandia.  Therefore, no response from Sandia is required.  Insofar as ¶ 38 makes any allegations against Sandia, they are denied.

39.     The allegations of ¶ 39 of the Complaint are not addressed to Sandia.  Therefore, no response from Sandia is required.  Insofar as ¶ 39 makes any allegations against Sandia, they are denied.

40. The allegations of ¶ 40 of the Complaint are not addressed to Sandia. Therefore, no response from Sandia is required. Insofar as ¶ 40 makes any allegations against Sandia, they are denied.

41. The allegations of ¶ 41 of the Complaint are not addressed to Sandia. Therefore, no response from Sandia is required. Insofar as ¶ 41 makes any allegations against Sandia, they are denied.

42. The allegations of ¶ 42 of the Complaint are not addressed to Sandia. Therefore, no response from Sandia is required. Insofar as ¶ 42 makes any allegations against Sandia, they are denied.

### Count III: Prima Facie Tort

43. Responding to ¶ 43 of the Complaint, Sandia reiterates its responses to the paragraphs enumerated therein.

44. Sandia admits that its decisions to suspend and terminate Plaintiff's employment were lawful and intentional acts. All other allegations in ¶ 44 of the Complaint are denied.

45. Sandia denies the allegations in ¶ 45 of the Complaint.

46. Sandia is without knowledge sufficient to admit or deny the allegations in ¶ 46 of the Complaint and therefore, at this time, denies them.

47. Sandia denies the allegations in ¶ 47 of the Complaint.

48. Sandia denies the allegations in ¶ 48 of the Complaint.

### Count IV: Breach of Implied Contract of Employment

49. Responding to ¶ 49 of the Complaint, Sandia reiterates its responses to the paragraphs enumerated therein.

50.	Sandia admits that it has issued Corporate Process Requirements and other policies and that generally it expects its employees to abide by its policies. Any inconsistent allegations in ¶ 50 of the Complaint are denied.

51.	Sandia admits that, generally, employees including Plaintiff are subject to disciplinary action up to and including termination for violation of some of Sandia policies and that Sandia expects some of its managers and supervisors to implement and enforce some of its policies, including its drug testing policies and procedures. Any inconsistent allegations in ¶ 51 of the Complaint are denied.

52.	Sandia admits that Plaintiff failed a drug test and that Sandia terminated Plaintiff's employment. Sandia denies the remaining allegations in ¶ 52 of the Complaint.

53.	Sandia denies the allegations in ¶ 53 of the Complaint.

54.	Sandia denies the allegations in ¶ 54 of the Complaint.

55.	Sandia denies the allegations in ¶ 55 of the Complaint.

56.	Sandia denies the allegations in ¶ 56 of the Complaint.

**Damages**

57.	Responding to ¶ 57 of the Complaint, Sandia reiterates its responses to the paragraphs enumerated therein.

58.	Sandia denies that Plaintiff is entitled to the damages sought in ¶ 58 of the Complaint.

59.	Sandia denies that Plaintiff is entitled to the damages sought in ¶ 59 of the Complaint.

60.	Sandia denies that Plaintiff is entitled to the damages sought in ¶ 60 of the Complaint.

61.	Sandia denies that Plaintiff is entitled to the damages sought in ¶ 61 of the Complaint.

62.	Sandia denies that Plaintiff is entitled to the damages sought in ¶ 62 of the Complaint.

**Additional Defenses**

63. The Complaint fails to state a claim for Prima Facie Tort or Breach of Implied Employment Contract.

64. Plaintiff's claims for Prima Facie Tort and Breach of Implied Contract of Employment are preempted by the Labor Management Relations Act.

65. Sandia substantially performed the terms of the CBA.

66. Plaintiff's damages, if any, are the result of Plaintiff's failure to perform his obligations as a bargaining unit member under the CBA.

THEREFORE, Sandia asks that Plaintiff's claims be dismissed with prejudice.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By *Electronically Filed October 14, 2010*
   Scott D. Gordon
   Jeffrey L. Lowry
Post Office Box 1888
Albuquerque, New Mexico  87103
(505) 765-5900
(505) 768-7395 [fax]
Attorneys for Defendant Sandia

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __14th__ day of October, 2010, we filed the foregoing Answer of Sandia Corporation electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/
Scott D. Gordon